

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ERICA GRASER,
an individual

    Plaintiff,

vs.

CASE NO: 4:19-cv-521-KGB

COREPOINT TRS L.L.C. and
WYNDHAM HOTELS AND RESORTS, LLC

This case assigned to District Judge Baker
and to Magistrate Judge Harris

    Defendant.

_____/

## COMPLAINT

Plaintiff, ERICA GRASER ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues COREPOINT TRS L.L.C. AND WYNDHAM HOTELS AND RESORTS, LLC, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq.*, ("Americans with Disabilities Act" or "ADA") and alleges:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.,* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

2. Venue is proper in this Court, the Eastern District of Arkansas pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Eastern District of Arkansas.

3. Plaintiff, ERICA GRASER (hereinafter sometimes referred to as "Graser") is a resident of the State of Arkansas and is a qualified individual with a disability under the ADA.

Graser suffers from what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that she has a T12 spinal cord injury and requires a wheelchair for mobility. Prior to instituting the instant action, Graser visited the Defendants premises at issue in this matter, and was denied full, safe and equal access to the subject property due to its lack of compliance with the ADA and the architectural barriers to access listed in Paragraph 11 of this Complaint, which Plaintiff personally encountered. Graser continues to desire and intends to visit the Defendants premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

3. The Defendant, COREPOINT TRS L.L.C. is a domestic limited liability company and is conducting business in the State of Arkansas. Upon information and belief, COREPOINT TRS L.L.C. (hereinafter referred to as "Corepoint Or Defendant") is the owner, lessee and/or operator of the real property and improvements which are the subject of this action, specifically La Quinta Inn & Suites by Wyndham Downtown Conference Center, located at 617 S. Broadway Street, Little Rock, Arkansas (hereinafter referred to as the "Hotel").

4. The Defendant, WYNDHAM HOTELS AND RESORTS, L.L.C. is a domestic limited liability company and is conducting business in the State of Arkansas. Upon information and belief WYNDHAM HOTELS AND RESORTS, L.L.C. (hereinafter referred to as " Wyndham Or Defendant") is the owner, lessee and/or operator of the real property and improvements which are the subject of this action, specifically La Quinta Inn & Suites by Wyndham Downtown Conference Center, located at 617 S. Broadway Street, Little Rock, Arkansas (hereinafter referred to as the "Hotel").

5. All events giving rise to this lawsuit occurred in the Eastern District of Arkansas.

## COUNT I - VIOLATION OF THE ADA

6.  On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12181 *et seq*. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

7.  Pursuant to 42 U.S.C. §12101(7) and 28 C.F.R. §36.104, the Hotel owned and/or operated by Defendants is a place of public accommodation in that it is a Hotel that is owned and operated by a private entity that provides goods and services to the public.

8.  Defendants have discriminated, and continue to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Hotel in derogation of 42 U.S.C §12101 *et seq*.

9.  The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the Hotel owned and/or operated by Defendants. Prior to the filing of this lawsuit, Plaintiff visited the Hotel at issue in this lawsuit between June 9, 2019 and June 16, 2019, and was denied access to the benefits, accommodations and services of the Defendants' premises and therefore suffered an injury in fact. In addition, Plaintiff continues to desire and intends to visit the Hotel, but continues to be injured in that she is unable to and continues to be discriminated against due to the barriers to access that remain at the Hotel in violation of the ADA. Plaintiff has now and continues to have reasonable grounds for believing that she has been and will be discriminated against because of the Defendants continuing deliberate and knowing violations of the ADA.

10. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA which are codified at 28 C.F.R. Part 36.

11. Defendants are in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R. §36.302 *et seq.* and is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

    i. No designated van accessible parking spaces are provided in the parking deck.

    ii. All parking spaces in the parking deck designated as accessible have signs mounted too low to be seen over parked vehicles.

    iii. Some parking spaces designated as accessible in the parking deck, lack an adjacent access aisle necessary for a wheelchair user.

    iv. There are too few accessible and van accessible parking spaces provided in the parking deck.

    v. A hotel shuttle is routinely parked in the parking deck within a space designated as accessible.

    vi. The public toilet rooms on the first and second floors lacked sufficient knee clearance for a wheelchair user at the lavatories.

    vii. The accessible toilet stalls on the first and second floors contained locking hardware that requires tight grasping,

pinching and or twisting of the wrist to operate.

viii. The public men's room accessible toilet stalls were missing grab bars required by wheelchair users (no rear grab bar on the second floor, nor side grab bar on the first floor).

ix. The first floor public toilet rooms contain a trash can located in the clear floor space necessary for a wheelchair user to exit the toilet rooms.

x. Public toilet rooms have toilet seat cover dispensers located behind the water closet and out of reach range of a wheelchair user.

xi. Coat hooks in accessible stalls in the first and second floor public toilet rooms are missing or located out of reach range for wheelchair users.

xii. The drain pipe beneath the lavatory was not insulated in accessible guest room 417.

xiii. The lavatory lacked sufficient knee clearance for a wheelchair user in accessible guest room 417.

xiv. The shower lacked a fixed bench in accessible guest room 417.

xv. Upon information and belief there are an insufficient number of accessible guest rooms and accessible guest rooms with roll-in showers.

xvi. The shuttle is advertised as available for all guests but is not wheelchair accessible such that guests relying on wheelchairs

for mobility were required to arrange for alternative transportation at their own expense and were denied the service of free shuttle transport on the basis of disability.

xvii. The wheelchair lift providing access between the parking deck and hotel is not maintained in operable condition such that Plaintiff was trapped on the lift with an alarm sounding for several minutes and Defendant's employees did not investigate or render assistance due to the frequency of such alarms. (Plaintiff restored operation of the lift herself upon realizing no assistance was coming from the nearby front desk by beating on the control panel).

12. There may be other current barriers to access and violations of the ADA at the Hotel owned and operated by Defendants which were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

13. To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

14. Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, Defendants were required to make its Hotel, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, Defendants have failed to comply with this mandate.

15. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by Defendants pursuant to 42 U.S.C. §12205.

16. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against Defendants and requests the following injunctive and declaratory relief:

    A. That the Court declares that the property owned and administered by Defendants is violative of the ADA;

    B. That the Court enter an Order directing Defendants to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

    C. That the Court enter an Order directing Defendants to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

    D. That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit as well as transportation costs incurred due to the lack of a wheelchair accessible shuttle, to the Plaintiff; and

    E. That the Court awards such other and further relief as it deems necessary, just and proper.

Dated this 24th day of July, 2019.

Respectfully submitted,

By: _____
Edward I. Zwilling, Esq.
Bar No.: ASB-1564-L54E

7

**OF COUNSEL:**

Law Office of Edward I. Zwilling, LLC
4000 Eagle Point Corporate Dr.
Birmingham, Alabama 35242
Telephone:    (205) 822-2701
Email: edwardzwilling@zwillinglaw.com